## Kaplan et al. v. Meade et al.

*Landlord and tenant—Lease—Municipal ordinance—Advertising signs— Conflicting interests of adjoining tenants—Equity—Injunction.*

On a bill in equity brought by a tenant of the first floor of a business building against the landlord and a tenant of the basement, to compel the removal of advertising signs placed by the tenant of the basement, the bill will be dismissed where there is no proof that the lease to plaintiff had any express or implied easement of light, air or view, or that the signs were erected on any other part of the property than the basement, or that there was any invasion of plaintiff's natural rights, or that there had been any material violation of the laws of the Commonwealth or of the municipal ordinances relating to signs.

Bill for injunction. C. P. Luzerne Co., July T., 1923, No. 5.

*Lorrie R. Holcomb* and *David Rosenthal*, for plaintiffs.

*Rush Trescott*, for defendants.

McLEAN, J.—Complainants filed a bill in equity with the following averments:

"First. That they are lessees of certain storerooms, known as Nos. 62-64 South Main Street, Wilkes-Barre, Luzerne County, Pennsylvania, by virtue

4 D. & C.

of a written lease entered into by the said complainants with Joseph K. Weitzenkorn, the landlord, a copy of the said lease is hereunto annexed and made part hereof and marked 'Exhibit A.'

"Second. That the said Joseph K. Weitzenkorn, the landlord, in the said lease granted to the complainants the right and use of the display windows located in their respective storerooms at Nos. 62-64 South Main Street, in the City of Wilkes-Barre, County of Luzerne, and State of Pennsylvania.

"Third. That the said plaintiffs, because of their rights under the said lease, have expended large sums of money for the purpose of making displays in the said show windows so as to attract the public to view the displays in the said windows.

"Fourth. That the said Joseph K. Weitzenkorn, the landlord and one of the defendants, made a lease to James Meade and Booth and Company for the basement of the premises at Nos. 62-64 South Main Street, for a term of years, pursuant to which lease the said James Meade and Booth and Company took possession on April 1, 1923, and now occupy the same as tenants in common.

"Fifth. That, notwithstanding the lease to the plaintiffs of the premises aforesaid, and the display windows connected therewith, the said James Meade and the said Booth and Company, tenants, did, on or about the 27th day of April, 1923, after taking possession of the basement of the said premises, erect and set up at the approach of the stairway leading to the basement aforesaid, certain wooden signs advertising their several businesses, which said signs are constructed and erected in such manner as to obstruct the view of the public from the display of merchandise in the said show or display windows of the plaintiffs.

"Sixth. That the said James Meade and Booth and Company, tenants in the said basement and defendants herein, erected the said wooden sign-boards in violation of the Building Code as adopted by authority of the City of Wilkes-Barre, Luzerne County, Pennsylvania, which said Code, at page 158, clause 395, provides as follows: 'No wooden sign or sign-board shall be attached to or placed upon a building within the fire limits. Outside the fire limits, wood signs may be used, but shall never exceed twenty-eight inches in height. No sign of any kind shall be attached to or placed upon a building in such manner as to obstruct any window or fire-escape thereon.'

"Seventh. That the said Joseph K. Weitzenkorn, the landlord and one of the defendants, in violation of the covenants in the written lease to and with the plaintiffs herein, agreed to and with the other two defendants, the said James Meade and Booth and Company, to permit them to erect the said wooden signs which obstructed, and continue to obstruct and shut off, the display windows of the plaintiffs.

"Eighth. That the said wooden signs have worked, and do work, an irreparable injury and detriment to the plaintiffs, and are injurious to the business of the plaintiffs, in addition to being a public nuisance and erected in violation of the city ordinance aforesaid."

Defendants' answer admitted paragraph 1, and denied or demanded proof of the other averments of the bill.

By agreement, the case was submitted to the court as upon final hearing upon bill, answer and replication.

Testimony was taken on behalf of plaintiffs and defendants, from a consideration of which testimony we conclude that the pertinent facts are not in dispute.

Kaplan *v.* Meade et al.

The questions involved are:

(1) Was the erection of the sign-boards in violation of the act of assembly, or of the ordinance of the City of Wilkes-Barre regulating the construction of the same?

(2) Did plaintiffs enjoy an easement of light, air or view under their leases, which easement has been interfered with by the erection of the sign-boards?

(3) Were the rights of the plaintiffs invaded by the erection of the sign-boards?

*Discussion.*

The ordinance of the City of Wilkes-Barre offered in evidence restricts the erection of wooden signs within certain areas. The sign-boards in question (see findings of fact) are of metal and do not fall within the restriction of the ordinance; the ordinance further restricts the erection of signs upon buildings without the consent of the owner or tenant in possession, and the Act of June 25, 1913, P. L. 560, is to the same effect. Here the signs are erected upon the demised property by the tenants in possession; and, further, the ordinance provides: "That no sign shall be attached to or placed upon a building in such a manner as to obstruct any window or fire-escape thereon." The purpose of this provision is to restrict the obstruction of windows which may be used, or are intended, for exits in case of fire, and clearly contemplate such windows as are capable of being opened and closed. The windows in question are show windows of immovable construction, and offer no means of ingress or egress.

We, therefore, conclude that the erection of the sign-boards does not offend against the statute or the ordinance.

2. The rights of plaintiffs in the use and occupancy of the premises of the defendant (landlord) are defined and prescribed by the lease in evidence. We are unable to find in these agreements any easement of light, air or view, in, over or upon the premises of the landlord upon which the sign-boards are erected; the sign-boards are erected entirely upon the premises demised to the defendants, and we cannot find that their location and construction in any wise breach the lessor's covenants in leases to plaintiffs.

3. The location of the sign-boards, notwithstanding the detriment to the complainants, cannot be construed to be an invasion of any of the natural rights of plaintiffs.

"By nature, air and light do not flow in definite channels, but are universally diffused. The supposed necessity for their passage in a particular line or direction to any lot of land is created, not by the relative situation of the lot to the surrounding land, but by the manner in which the lot has been built upon. The actual enjoyment of the light and air by the owner of the house is upon his own land only. He makes no tangible or visible use of the adjoining land, nor, indeed, any use of them which can be made the subject of an action by their owner, or which in any way interferes with the latter's enjoyment of light and air upon his own lands, or with any use of these lands in their existing condition. In short, the owner of the adjoining land has submitted to nothing which actually encroached upon his rights, and cannot, therefore, be presumed to have assented to any such encroachments. The use and enjoyment of the adjoining lands are no more subordinate to those of the house, where both are owned by one man, than where the owners are different. The reasons upon which it has been held that no grant of a right to light and air can be implied from any length of continuous enjoyment, are equally strong against implying a grant of such a right from the mere con-

4 D. & C.

Kaplan *v.* Meade et al.

veyance of a house with windows overlooking the land of the grantor. To imply the right of such a grant in either case without express words would greatly embarrass the improvement of estates, and by reason of the very indefinite character of the right asserted promote litigation.

"The simplest rule, and that best suited to a country like ours, in which changes are continually taking place in the ownership and use of lands, is that no right of this character shall be acquired without express grant of an interest in, or covenant relating to, the lands over which the right is claimed:" Rennyson's Appeal, 94 Pa. 147.

We have answered the specific requests of plaintiffs and defendants, and supplementary thereto we find the following

*Facts.*

1. The sign-boards are of metal, with wooden moulding about one-half inch in width.

2. The signs are erected wholly upon the premises owned by Weitzenkorn and leased to defendants.

And the following

*Conclusions of law.*

1. That no natural rights of complainants are invaded by the erection of the sign-boards.

2. That the leases of complainants contain no easements, express or implied, affecting the premises under lease to defendants.

3. That the construction and location of the sign-boards do not violate the laws of the Commonwealth or the ordinance of the City of Wilkes-Barre; and

Bill is dismissed, at the costs of plaintiffs.

From F. P. Slattery, Wilkes-Barre, Pa.